VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        22-AP-277



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,    2023

Joseph Smith\* v. Ami Smith

}    APPEALED FROM:
}    Superior Court, Windsor Unit,
}    Family Division
}    CASE NO. 21-DM-01020
Trial Judge: Heather Gray

In the above-entitled cause, the Clerk will enter:

Father appeals from the trial court's order awarding mother primary legal responsibility for decisions regarding the education of the parties' minor child.  He argues that the court provided an inadequate explanation for its decision and otherwise erred in evaluating the evidence.  We affirm.

Mother and father are parents of a son born in 2013.  In June 2021, father brought an action to establish parental rights and responsibilities (PRR).  Prior to this filing, the parties shared parental responsibilities.  In March 2022, they reached an agreement as to PRR with the exception of decisionmaking regarding the child's education.  Following a hearing at which both parties testified, the court awarded primary authority for educational decisions to mother.

The court made the following findings on the record.  The parties' son has been attending the same school in Windsor since kindergarten; he was in fourth grade at the time of the court's decision.  Both parents are very involved in the child's life.  Mother lives in a different school district and she wanted to move son to a new school in her district.  She believed this would provide son with better opportunities.  Father, who was also concerned about son's education and wellbeing, believed son was established in his current district and should remain there.

The court found that mother, because of her employment decisions, was at home during the day and, given her availability, she had been the main contact person for the school.  Mother had also facilitated son's remote learning during the pandemic.  Father worked during the day but he was also very involved with son.  He provided appropriate afterschool care for son and he occasionally received calls from the school as well.  Because of her schedule, mother was able to have son home with her after school.

The court found this case to be very close. It recognized that both parties sought to promote son's best interests. The court determined that mother had been the primary care provider, especially with respect to education. Given her schedule, she had acted as the point person for the school. While son had been in the same school system since kindergarten, the court found that mother was also established in her community. She had lived in the community for five years and in the same residence for three years. The court believed mother would act in son's best interest regarding a possible school transfer. For these reasons, it awarded primary legal responsibility for education to mother, requiring mother to confer with father about educational decisions prior to finalizing them. This appeal followed.

Father asserts that the court failed to adequately consider the statutory factors in reaching its conclusion. He further argues that the evidence supports an award in his favor.

In allocating PRR, the trial court "must be guided by the statutory factors [in 15 V.S.A. § 665(b)] and the best interests of the child." Lee v. Ogilbee, 2018 VT 96, ¶ 21, 208 Vt. 400. It has "broad discretion" in determining what course of action is in a child's best interests. Id. "[T]he court must state its reasoning for awarding parental rights and responsibilities in its order," id., and its decision will stand if it "reflects [the court's] reasoned judgment in light of the record evidence," Kasper v. Kasper, 2007 VT 2, ¶ 5, 181 Vt. 562 (mem.); see also Ogilbee, 2018 VT 96, ¶ 21 (explaining that court's decision will be overturned "when the court fails to explain how it weighed the § 665(b) factors and reached the conclusion that the order satisfied the best-interests-of-the-child standard"). We do not require that the trial court "make a specific finding on each of the statutory factors, nor do we hold that each factor must be specifically addressed by the trial court." Harris v. Harris, 149 Vt. 410, 414 (1988) (quotation omitted). "It is sufficient if the findings as a whole reflect that the trial court has taken the statutory factors into consideration, in so far as they are relevant, in reaching its decision." Id. (quotation omitted).

The court's findings here are sparse. Cf. id. (recognizing "benefits of findings on the statutory factors to assure consideration of the factors, facilitate appellate review and satisfy the parties that the case was fully and fairly evaluated"). Nonetheless, we conclude that they suffice to satisfy the standard above. The court found that both parents loved son and were highly involved in his life. Both sought to promote his best interests. Parents worked cooperatively together but had different opinions about where son should attend school. The court acknowledged that son had been in the same school district since kindergarten and noted that mother was well established in the community where she resided. It described this as a very close case and reasoned that because mother had been the child's primary caregiver and the point-person for the school, she should be awarded primary legal responsibility for educational decisions. While additional findings would have been helpful, the court's decision reflects its consideration of the factors set forth in 15 V.S.A. § 665(b) and the court acted within its discretion in reaching its conclusion.

Father's remaining arguments essentially challenge the trial court's assessment of the weight of the evidence. He points to evidence that he believes supports a conclusion in his favor. He questions whether mother should be considered to have facilitated remote learning when son was being taught online by individuals at his school in Windsor and he contends that even if mother was the contact person for the school, there was no evidence that she made any decisions on behalf of son.

2

These arguments are unpersuasive.  In reaching its conclusion, the court could consider mother's role in assisting son during remote learning and acting as the point person for the school.  We leave it to the trial court "to determine the credibility of the witnesses and weigh the persuasiveness of the evidence," Cabot v. Cabot, 166 Vt. 485, 497 (1997), and we discern no basis to disturb the court's decision here.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice